IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL SIDMAN, | ) | CIV. NO. 15-00049 DKW-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S APPLICATION TO |
| | ) | PROCEED WITHOUT PREPAYING |
| YOUNG BROTHERS, LTD., ET AL., | ) | FEES OR COSTS |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

On February 23, 2015, Plaintiff Daniel Sidman ("Plaintiff"), proceeding pro se, filed a Complaint against Defendants Young Brothers, Limited and Aon Risk Solutions ("Defendants"), alleging a claim for breach of contract. (Doc. 1 at 1-2.) Plaintiff's cause of action stems from the denial of his insurance claim for damages sustained to his vehicle after it was delivered to Defendant Young Brothers, Limited, for off-island transit. (Id.) On February 23, 2015, Plaintiff also filed an Application To Proceed Without Prepaying Fees or Costs ("Application"). (Doc. 4.) In his Application, Plaintiff requests that the Court permit him to proceed in forma pauperis ("IFP"). As discussed below, the Court finds and recommends that Plaintiff's IFP Application be DENIED with leave to refile.

Federal courts may authorize the commencement or prosecution of any

suit without prepayment of fees or security, by a person who submits an affidavit demonstrating that he is unable to pay such fees or give such security. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (quotations omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty") (internal quotation marks and citation omitted)). When reviewing a motion filed pursuant to § 1915(a), "the only determination to be made by the court is whether the statements in the affidavit satisfy the requirement of poverty." Smith v. United Parcel Service, Civ. No. 14-00229 JMS-RLP, 2014 WL 2115154, at *1 (D. Haw. May 21, 2014) (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)) (internal quotation marks, brackets, and ellipsis omitted).

Here, Plaintiff failed to answer any of the questions provided on the Application, and therefore, the Application is devoid of any information that would allow the Court to determine whether Plaintiff has satisfied the requirement of poverty. The "Short Form" Application submitted by Plaintiff requests the following information, which would allow the Court to determine whether Plaintiff

is eligible to proceed without the prepayment of fees or costs:

(1) Whether Plaintiff is incarcerated, and if not, whether he is employed, and the amount of his gross pay or wages;

(2) Plaintiff's other source(s) of income, the amount(s) received, and what Plaintiff expects to receive in the future;

(3) The amount of money Plaintiff has in cash or in a checking or savings account;

(4) A description of any item of value Plaintiff owns;

(5) Any housing, transportation, utilities, or loan payments, or other regular monthly expenses;

(6) Names and/or initials of all persons dependent on Plaintiff for support, their relationship to Plaintiff, and how much Plaintiff contributes to their support; and

(7) Any debts or financial obligations.

Plaintiff neglected to answer any of these questions, and therefore, failed to provide the Court with sufficient information to determine whether Plaintiff qualifies to proceed IFP.

Inasmuch as Plaintiff's pending IFP Application is incomplete and does not contain any information for this Court to determine whether the statements in the affidavit satisfy the requirement of poverty, the Court finds and recommends that Plaintiff's Application be DENIED with leave to refile. If Plaintiff believes that his financial circumstances place him at or below the federal poverty level, then

Plaintiff may file a renewed application to proceed without prepayment of fees and affidavit, detailing such circumstances. Such application must include, at a minimum: Plaintiff's income in such a manner that the Court can accurately calculate annual income; the value of any stocks, investment property, or other assets owned by Plaintiff; the total amount of cash held by Plaintiff; and any debts or expenses that reduce monthly and yearly income.

       IT IS SO FOUND AND RECOMMENDED.

       DATED: Honolulu, Hawaii, February 27, 2015.



       /S/ Barry M. Kurren
       Barry M. Kurren
       United States Magistrate Judge

Sidman v. Young Brothers, Limited, et al., CIV. NO. 15-00049 DKW-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS.