IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANIEL SIDMAN, | ) | CIV. NO. 15-00049 DKW-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO DENY |
| vs. | ) | PLAINTIFF'S SECOND |
| | ) | APPLICATION TO PROCEED |
| YOUNG BROTHERS, LTD., ET AL., | ) | WITHOUT PREPAYING FEES OR |
| | ) | COSTS |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS**

Before the Court is Plaintiff Daniel Sidman's ("Plaintiff") Second Application to Proceed in District Court Without Prepaying Fees or Costs ("Second Application"), filed April 7, 2015. (Doc. 14.) As discussed below, the Court finds and recommends that Plaintiff's Second Application be DENIED with leave to refile.

**BACKGROUND**

On February 23, 2015, Plaintiff, proceeding pro se, filed a Complaint against Defendants Young Brothers, Limited and Aon Risk Solutions ("Defendants"), alleging a claim for breach of contract. (Doc. 1 at 1-2.) Plaintiff's cause of action stems from the denial of his insurance claim for damages sustained to his vehicle after it was delivered to Defendant Young Brothers, Limited, for

off-island transit.  (Id.)

On February 23, 2015, Plaintiff filed his first Application To Proceed Without Prepaying Fees or Costs ("First Application").  (Doc. 4.)  In his First Application, Plaintiff declares that he is "unable to pay the costs of these proceedings" and that he is entitled to proceed without prepaying fees or costs.  (See id.)  Nevertheless, Plaintiff failed to include any of the financial information requested on the application that would have allowed the Court to determine whether Plaintiff is entitled to proceed without prepaying fees or costs.  (Id.)  Accordingly, on February 27, 2015, this Court issued a Findings and Recommendation ("F&R") to deny Plaintiff's First Application because the Court was unable to determine whether Plaintiff had satisfied the requirement of poverty.  (Doc. 8.)  On March 17, 2015, United States District Judge Derrick K. Watson adopted the F&R as the opinion and order of the Court.  (Doc. 9.)

On April 7, 2015, Plaintiff filed a second Application to Proceed Without Prepaying Fees or Costs ("Second Application").  (Docs. 13, 14.)  Like the First Application, the Second Application is completely blank except for the date and Plaintiff's signature.  (See Doc. 13.)  In a second unsigned filing, which this Court construes to be a Memorandum in Support of Plaintiff's Second Application, Plaintiff appears to take issue with the information requested on the Court's

Application to Proceed Without Prepaying Fees or Costs Form ("application form"). (See generally, Doc. 14.) Generally, Plaintiff argues that a determination of Plaintiff's poverty, for the purpose of proceeding without the prepayment of fees or costs, should be based solely on annual income, and any further information regarding Plaintiff's wealth and/or assets "has no relevance to this proceeding[.]" (See Doc. 14 at 4.) Plaintiff appears to argue that the information requested on the first page of the application form, namely, information about Plaintiff's income, is "comprehensive," and "should be sufficient" for the Court to assess Plaintiff's eligibility to proceed without the prepayment of fees or costs. (Doc. 14 at 3.) Plaintiff further argues that the information requested on the second page of the application form – which requires the disclosure of, inter alia, an applicant's property, investments, and monthly expenses – has no basis for determining Plaintiff's "poverty" status. (Doc. 14 at 3-4.) Plaintiff also contends that the information requested on page two of the application form "might be expected to have an impact on any settlement negotiations between Plaintiff and Defendants," and therefore "objects to providing any of the information requested on page 2 of the [application form], on the basis that it could potentially adversely affect the outcome of this litigation." (Doc. 14 at 5.)

## **DISCUSSION**

As an initial matter, Plaintiff appears to be confused by the Court's use of the term "in forma pauperis." (Doc. 14 at 2.) In forma pauperis ("IFP") is defined as "[i]n the manner of an indigent who is permitted to disregard filing fees and court costs[.]" Black's Law Dictionary 899 (10th ed. 2014). Further, an "in forma pauperis motion" is defined as "[a] request to receive poor-person (or pauper) status in a civil case (where certain costs are waived)[.]" Id. Thus, an Application to Proceed Without Prepaying Fees or Costs is otherwise known as a motion for leave to proceed IFP, and the courts often use these terms interchangeably. See, e.g., Mailo v. Crail, Civ. No. 11-00566 JMS-BMK, 2011 WL 6181221, at *1 (D. Haw. Dec. 13, 2011) (noting that should plaintiff seek to proceed IFP, he must use the Application to Proceed Without Prepayment of Fees & Affidavit form provided by the Clerk's Office); Scotto v. CUC Int'l, Civ. No. 07-00213 JMS-KSC, 2007 WL 1341183, at *1 (D. Haw. May 3, 2007) (granting plaintiff's Application to Proceed Without Prepaying Fees or Costs because plaintiff had "made the required showing under 28 U.S.C. § 1915 to proceed in forma pauperis (i.e., without prepayment of fees)").

As this Court has already explained once to Plaintiff in its February 27, 2015 Order, federal courts may authorize the commencement or prosecution of any

suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees, or give security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Specifically, 28 U.S.C. § 1915(a)(1) provides that a person "who submits an affidavit that includes a statement of all assets" may proceed in forma pauperis if it is demonstrated that such person "is unable to pay such fees or give security therefor[.]" "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (quotation marks omitted). "When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (citation and internal quotation marks omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). When reviewing a motion filed pursuant to § 1915(a), "the only determination to be made

suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees, or give security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Specifically, 28 U.S.C. § 1915(a)(1) provides that a person "who submits an affidavit that includes a statement of all assets" may proceed in forma pauperis if it is demonstrated that such person "is unable to pay such fees or give security therefor[.]" "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (quotation marks omitted). "When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (citation and internal quotation marks omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). When reviewing a motion filed pursuant to § 1915(a), "the only determination to be made

suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees, or give security therefor, pursuant to 28 U.S.C. § 1915(a)(1). Specifically, 28 U.S.C. § 1915(a)(1) provides that a person "who submits an affidavit that includes a statement of all assets" may proceed in forma pauperis if it is demonstrated that such person "is unable to pay such fees or give security therefor[.]" "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (quotation marks omitted). "When a claim of poverty is made under section 1915 it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir.1981) (citation and internal quotation marks omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The court has broad discretion in denying an application to proceed in forma pauperis. Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). When reviewing a motion filed pursuant to § 1915(a), "the only determination to be made

by the court is whether the statements in the affidavit satisfy the requirement of poverty." Smith v. United Parcel Serv., Civ. No. 14-00229 JMS-RLP, 2014 WL 2115154, at *1 (D. Haw. May 21, 2014) (citation, internal quotation marks, brackets, and ellipsis omitted). Section 1915(e)(2) authorizes the court to dismiss a claim filed in forma pauperis "at any time" if the court determines that the allegation of poverty is untrue. Ketchmark v. U.S., Civ. No. 09-00540 JMS-BMK, 2009 WL 4797475, at *2 (D. Haw. Dec. 11, 2009).

Here, Plaintiff continues to refuse to answer any of the questions provided on the IFP application form, and therefore, Plaintiff's Second Application is devoid of any information that would allow the Court to assess whether Plaintiff is eligible to proceed IFP. Instead of providing the Court with the requisite information, Plaintiff has used his Second Application as an opportunity to explain to the Court why he refuses to disclose such information. As such, Plaintiff has failed to allege facts that would support a finding of poverty with any degree of certainty. See United States v. McQuade, 647 F.2d at 940 (quoting Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.1960)) (noting that applicants under § 1915 must demonstrate their poverty with "some particularity, definiteness and certainty"). Thus, the Court finds that it would be well within its discretion to deny Plaintiff's Second Application for failure to sufficiently disclose Plaintiff's financial

circumstances.  See Johnson v. Leokane, Civ. No. 08-00432 ACK-KSC, 2008 WL 4527065, at *3 (D. Haw. Oct. 9, 2008) (denying plaintiff's IFP application where plaintiff failed to provide detailed financial information necessary for the Court to grant in forma pauperis status under 28 U.S.C. § 1915).

The Court notes that Plaintiff strenuously objects to disclosing information pertaining to his assets or personal wealth.  (See Doc 14 at 7-8.)  If Plaintiff would like to keep his finances private, he may do so, but not at the cost of federal taxpayers.  Certainly the Court cannot condone the expenditure of taxpayer funds without first carefully determining Plaintiff's eligibility to proceed without the payment of fees and costs.  This Court has previously held that a plaintiff wishing to proceed IFP should submit an application, which "at a minimum" must indicate,

> Plaintiff's income in such a manner that the Court can accurately calculate annual income; the value of any stocks, investment property, or other assets owned by Plaintiff; the total amount of case held by Plaintiff; and any debts or expenses that reduce monthly and yearly income.

Johnson, 2008 WL 4527065, at *3.  This information is that which is required on the Court's IFP application form.  Despite Plaintiff's beliefs to the contrary, the Court is well aware of the differences between the types of information requested by the application form, and reiterates that without this information, the Court is unable to make a reasoned and careful assessment of Plaintiff's eligibility to proceed IFP.

As a final note, Plaintiff requests "some disclosure as to the threshold of personal assets or wealth (as opposed to income), under which the Court would determine Plaintiff to be poor[.]" (Doc. 14 at 8.) Inasmuch as the grant or denial of an IFP application is largely discretionary with the Court and is made on a case-by-case basis, the Court is unable to provide Plaintiff with an actual monetary figure that would render him eligible to proceed IFP. Nevertheless, the Court notes that in determining IFP status, "the Court is guided by whether the applicant's yearly income surpasses the poverty threshold." McKeague v. Matsuura, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12, 2009). The Department of Health and Human Services ("HHS") Poverty Guidelines indicate that the poverty threshold for a single individual in Hawaii is $13,550. See Annual Update of the HHS Poverty Guidelines, 80 Fed. Reg. 32337 (Jan. 22, 2015). Although Plaintiff maintains that income should be sufficient in determining IFP status, the Court notes that the poverty threshold is but a guide in determining one's eligibility to proceed IFP. An IFP applicant is nevertheless required to demonstrate poverty in light of yearly income and assets, and the Court typically considers an applicant's real property and investments in determining IFP status. See, e.g., Brown v. Colvin, Civ. No. 13-00557 SOM-KSC, 2013 WL 5815563, at *1-2 (D. Haw. Oct. 28, 2013) (finding that plaintiff failed to demonstrate poverty in light of

her yearly income and assets where her income significantly exceeded her monthly expenses, her yearly income exceeded the federal poverty guidelines, and she owned property out of state that generated rental income); Johnson, 2008 WL 4527065, at *2-3 (taking into consideration social security benefits income, cash on hand or in a checking or savings accounts, and the value of stocks owned by plaintiff in determining IFP status).

In conclusion, the Court finds that Plaintiff has failed to demonstrate an inability to prepay the costs of initiating this action. Inasmuch as Plaintiff's Second Application is incomplete and does not contain any information for this Court to assess Plaintiff's eligibility to proceed IFP, the Court finds and recommends that Plaintiff's Application be DENIED with leave to refile. If Plaintiff believes that his financial circumstances place him at or below the federal poverty level, then Plaintiff may file a renewed application detailing such circumstances. On the other hand, if Plaintiff does not wish to disclose this information, Plaintiff is invited to pay the required filing fee.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 30, 2015.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Sidman v. Young Brothers, Limited, et al., CIV. NO. 15-00049 DKW-BMK; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS.