IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DANIEL SIDMAN,<br><br>                 Plaintiff,<br><br>    vs.<br><br>YOUNG BROTHERS, LIMITED, a domestic profit corporation; AON RISK SOLUTIONS, a.k.a. AON RISK SERVICES NORTHEAST, INC. a foreign profit corporation, a.k.a. AON RISK SERVICES, INC., a domestic profit corporation,<br><br>                 Defendants. | CIVIL NO. 15-00049 DKW-BMK<br><br>**ORDER GRANTING DEFENDANTS AON RISK SERVICES, INC. OF HAWAII'S AND AON RISK SERVICES NORTHEAST, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKT. NO. 10]; DENYING AS MOOT PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [DKT. NO. 14]; AND DENYING AS MOOT DEFENDANT YOUNG BROTHERS, LTD.'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21]** |

## INTRODUCTION

Plaintiff Daniel Sidman, a licensed attorney proceeding *pro se*, seeks damages from Defendants Aon Risk Services, Inc. of Hawaii, Aon Risk Services Northeast, Inc., and Young Brothers, Limited for a scratch on his vehicle's windshield that allegedly occurred during transport, and the denial of his subsequent insurance claim. Because the Court lacks subject matter jurisdiction over his claims, Sidman's complaint is DISMISSED with leave to amend.

## BACKGROUND

Sidman filed his complaint against Aon and Young Brothers on February 23, 2015. He alleges that Young Brothers damaged the windshield of his vehicle during shipment in 2012, and that Aon improperly denied his claim for damages in 2013. The complaint seeks redress for the following:

1. A light scuff/scratch mark on the windshield of Plaintiff's vehicle, near the bottom on the driver's side, which Plaintiff alleges occurred during shipment of the car from Maui to Kauai, subject to the transaction on [Young Brothers'] "bill of lading" number 15146023.

2. Defendant [Young Brothers'] intentional deception of Plaintiff (by and through its cargo warehouse attendant on October 2, 2012) that resulted in his execution of a liability waiver. Signature of the waiver led AON to deny Plaintiff's insurance claim.

3. Defendant Aon's intentional deception of Plaintiff by, among other things, misleading him regarding a subsequent review of his claims.

4. Conspiratorial conduct among Defendants designed to avoid paying for cargo shipping damage and related insurance claims.

*See* Complaint at 4-6.

Sidman alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. His prayer for relief requests (1) attorney's fees and/or expert fees; (2) "the amount of the repair estimate provided by ACE Auto Glass on

October 11, 2012, in the amount of $451.86," and (c) $100,000 in punitive damages from each defendant. Complaint at 18-20.

Before the Court are: (1) Aon's Motion to Dismiss Plaintiff's Complaint (dkt. no. 10); (2) Young Brothers, Ltd.'s Joinder in Aon's Motion to Dismiss (dkt. no. 23); (3) Young Brothers, Ltd.'s Motion for Summary Judgment (dkt. no. 21); and (4) Sidman's objections to the Findings and Recommendation to Deny Plaintiff's Second Application To Proceed Without Prepaying Fees or Costs (dkt. nos. 17 & 24).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss claims over which it lacks subject matter jurisdiction. The plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009). "In considering the jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs

when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." *Id.*; *see also Long v. JP Morgan Chase Bank, Nat'l Ass'n*, 848 F. Supp. 2d 1166, 1171 (D. Haw. 2012).

The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction. *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013). Because Aon makes a facial attack on Sidman's complaint, the Court need not consider evidence beyond the complaint. *See Bartholomew v. Burger King Corp.*, 21 F. Supp. 3d 1089, 1094 (D. Haw. 2014).

The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

# DISCUSSION

## I. The Court Lacks Subject Matter Jurisdiction

Aon seeks to dismiss this action based on Sidman's failure to (1) satisfy the amount in controversy required for diversity jurisdiction; (2) allege any federal claims; and (3) pay the statutory filing fee. Because the Court finds that it lacks subject matter jurisdiction, the motion is GRANTED.[1]

At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1). Sidman alleges that –

> This Court has jurisdiction over this claim on the basis of a diversity of citizenship and the "matter in controversy" exceeding $75,000 (28 U.S.C. § 1332). In this case the "matter in controversy" comes in the form primarily of punitive damages, as determined appropriate by this Court, to encourage Defendants [Young Brothers] and AON to reform their business practices.

---

[1] In opposition, Sidman makes no claim of federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Although his complaint seeks attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988(b), these statutes are clearly inapplicable to these defendants based on the allegations in the complaint, and Sidman does not contend that this Court has subject matter jurisdiction pursuant thereto. Accordingly, the Court addresses only Sidman's assertion of diversity jurisdiction.

> Both Defendants are resident in Hawaii, and all the relevant events took place in this District. Plaintiff is a resident in the State of Vermont.

Complaint at 6.

The Court has diversity jurisdiction in cases involving claims greater than $75,000 and that are either between citizens of different states or citizens of a state and citizens or subjects of a foreign state pursuant to 28 U.S.C. § 1332(a)(1)-(2). Generally, the amount in controversy is determined from the face of the pleadings, and the sum claimed by the plaintiff controls so long as the claim is made in good faith. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000) (citation omitted).

"To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Id.* (quoting *Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997)). The Ninth Circuit stated that such "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986). "Only three situations clearly meet the legal certainty standard: (1) when the terms of a contract limit the plaintiff's possible recovery; (2) when a specific rule of law or measure of damages limits the amount of damages

recoverable; and (3) when independent facts show that the amount of damages was claimed merely to obtain federal court jurisdiction." *Id.* at 363.

Aon contends that, in order to reach the $75,000 threshold, Sidman would need a colorable punitive damages claim of $74,548.14, based on his $451.86 compensatory damages claim. *See, e.g., Scher v. Premier Holdings, Inc.*, 2010 WL 1064678, at *5 (D. Haw. Mar. 24, 2010) ("In determining the jurisdictional amount in controversy, both compensatory and punitive damages must be considered "to the extent they are recoverable and to the extent claimed.'") (quoting *Russell v. Access Securepak, Inc.,* 2007 WL 4170756, at *1 (E.D. Cal. Nov. 20, 2007)). Aon argues that this punitive-to-compensatory damages ratio of 165-to-1 violates due process.

The Ninth Circuit recently reviewed the development of the punitive damages due process analysis, explaining as follows –

> In [*BMW of North America, Inc. v. Gore*], the Supreme Court altered the legal punitive damages landscape, applying the Due Process Clause of the Fourteenth Amendment to a state court's $2 million punitive damages award (accompanying a $4000 compensatory damages award) arising from state common law claims, and concluding that the punitive damages amount was "grossly excessive" and therefore unconstitutional. 517 U.S. at 565-67, 574-75, 116 S.Ct. 1589. To assess the constitutionality of a state common law punitive damages award, the Court in *Gore* employed three guideposts, which it later summarized in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003), as follows: "(1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential

7

harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *Id*. (citing *Gore*, 517 U.S. at 575, 116 S.Ct. 1589).

Under *Gore* and *State Farm*, the most important guidepost is reprehensibility. *State Farm* articulated several factors courts could consider in assessing the egregiousness of a defendant's conduct:

> the harm caused was physical as opposed to economic; the tortious conduct evinced an indifference to or a reckless disregard of the health or safety of others; the target of the conduct had financial vulnerability; the conduct involved repeated actions or was an isolated incident; and the harm was the result of intentional malice, trickery, or deceit, or mere accident.

*Id*. at 419, 123 S.Ct. 1513.

As for the second factor—the disparity between the harm suffered by the plaintiff and the punitive damages award—the Court has repeatedly eschewed the adoption of a "bright-line ratio which a punitive damages award cannot exceed." *Id*. at 425, 123 S.Ct. 1513. Nevertheless, the Court has noted that, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* The Court also cautioned, however, that a higher ratio may be appropriate where the conduct is especially egregious, but results in minimal economic damages. *Id.* (citing *Gore*, 517 U.S. at 582, 116 S.Ct. 1589, for the proposition that economic awards may be small because the injury is hard to quantify or detect).

*Arizona v. ASARCO LLC*, 773 F.3d 1050, 1054-55 (9th Cir. 2014); *but see Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (adopting, in the area of federal maritime law, a 1-to-1 ratio between compensatory and punitive damages).[2]

In the present case, Sidman alleges that –

> "punitive damages" represents what Plaintiff really stands to potentially gain from this action, yet in this capacity, plaintiff is merely a "just beneficiary" of this Court's determination, and not any sort of an active participant (except, in so far as to demonstrate to this Court certain circumstances that exist outside of the courtroom). In determining the amount of punitive damages, assuming that all of Plaintiff's allegations herein are true, the court would need to estimate certain things, such as how many vehicle windshields are damaged by [Young Brothers] (and thus, how much Defendant [Young Brothers] and Defendants AON "save" by not having to pay legitimate insurance claims); how many of these customers (who have had damage done to their windshields) filed claims against [Young Brothers]; and, how many of those customers who file claims have their claims unfairly denied, because of this scheme of getting them to sign away their rights. Furthermore, there is a "messaging aspect" inherent in punitive damages, to send a "strong signal" to companies like [Young Brothers] and AON. In this regard, the court acts on behalf of the public, and the interest of the public, and again, without consideration for (this individual) Plaintiff.
>
> ****

---

[2] Hawaii state courts' analysis of punitive damage awards under state law includes consideration of federal due process standards. *See Kekona v. Bornemann,* 2015 WL 1880727, at *7 (Haw. Apr. 24, 2015) ("Two levels of review are applicable when a punitive damages award is challenged as excessive. The first inquiry proceeds under state law, and the second, if raised, is governed by federal due process standards.").

> Again, the appropriate level of punitive damages is up to this Court's discretion. Plaintiff believes it is not unreasonable, considering these circumstances to be quite serious (and perhaps even criminal) in nature, to request of this Court $100,000 in punitive damages from Defendant AON Risk Solutions and $100,000 in punitive damages from Defendant Young Brothers, Limited. But if this Court determines a higher amount appropriate, then I defer to its better judgment.

Complaint at 19-20. In opposition to Aon's motion, Sidman asserts that –

> While there may be valid concerns, over certain defendants being deprived of their due process rights, based on "arbitrary deprivation of property," there is little question that Plaintiff's claimed amount of punitive damages, in excess of the $75,000 jurisdictional minimum, is well within the boundaries prescribed by the Supreme Court, in *BMW v. Gore, Cooper Industries v. Leatherman Tool*, and in *State Farm v. Campbell*.

Mem. in Opp. at 20. The Court disagrees.

Even assuming the truth of the allegations in the complaint, Sidman's request for $100,000 in punitive damages against Aon and another $100,000 in punitive damages against Young Brothers is grossly excessive under Supreme Court precedent. The alleged harm here was a scratched windshield. There harm, therefore, was economic, not physical, and did not target a particular financial vulnerability. Nor is this a class case. Even an award of $74,548.14 in punitive damages (assuming an award of $451.86 in compensatory damages), resulting in a ratio of 165-to-1 is grossly excessive, under these circumstances. Such an award

10

would be vastly disproportionate to the award of compensatory damages and would appear to be outside of the constitutional limits established by the Supreme Court. Accordingly, based on the specific allegations in the complaint, the Court concludes that Sidman cannot constitutionally recover $74,548.14 with actual damages of only $451.86, and that he fails to satisfy the amount in controversy requirement for this Court to assert diversity jurisdiction.

The Court's ruling is consistent with another recent case in this district, involving alleged damages stemming from an incident in which the plaintiff's vehicle was allegedly broken into while parked at Six Flags theme park in St. Louis, Missouri. In *Scher v. Premier Holdings, Inc.*, the district court concluded that it lacked subject matter jurisdiction over plaintiff's state law claims, where actual damages amounted to $750 –

> Because Plaintiff's claim for punitive damages of $1,000,000 makes up "the bulk of the amount in controversy, and may even have been colorably asserted solely to confer jurisdiction," the court must scrutinize this claim closely. *Russell*, 2007 WL 4170756, at *1. To meet the jurisdictional requirement, Plaintiff would need to recover punitive damages in the amount of $74,250—approximately 100 times the compensatory damage amount. "Such an award would be grossly disproportionate to the award of compensatory damages and would appear to be excessive . . . and outside of the federal Constitutional limits established by the Supreme Court." *Brown v. Robinson*, 2009 WL 1313364, at *4 (S.D. Ohio May 8, 2009). "Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution

> . . . ." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003); *see also Smith v. Am. Gen. Life & Acc. Ins.*, 337 F.3d 888, 893 (7th Cir. 2003). Plaintiff cannot recover $74,250 with actual damages of only $750. Accordingly, the court finds that Plaintiff's potential state law claims do not meet the amount in controversy necessary for diversity jurisdiction.

*Scher v. Premier Holdings, Inc.*, 2010 WL 1064678, at *6 (D. Haw. Mar. 24, 2010).

Sidman, the party asserting diversity jurisdiction, bears the burden of proof here. Because he fails to satisfy the amount in controversy, he does not meet that burden. As a result, this Court is without the authority to adjudicate his claims. When a court dismisses a claim for failure to properly allege diversity jurisdiction, leave to amend should be granted unless doing so would be futile. *See* Fed.R.Civ.P. 15(a)(2); *see also Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 567-68 (9th Cir.2000). Accordingly, Sidman is granted leave to file an amended complaint, in accord with the guidance set forth in this order.

## II. **Young Brothers' Motion for Summary Judgment Is Denied as Moot**

Young Brothers moves for summary judgment, and asks the Court to dismiss all claims with prejudice because Sidman did not file this action within one year of the delivery of his cargo as required by the Bill of Lading, and as stated on the face of the "YB Cargo Insurance" sheet attached to Sidman's complaint. *See* Ex. C attached to complaint ("Suit for loss or damage must be brought within one (1) year

from the date of delivery of cargo or the date on which it would have been normally delivered."). Because the Court finds that it does not have subject jurisdiction over this matter, Young Brothers' motion for summary judgment is DENIED as moot.

## III. Sidman's Second Application to Proceed In District Court Without Prepaying Fees or Costs Is Denied as Moot

Finally, also as a result of the Court's dismissal of the complaint for lack of subject matter jurisdiction, Sidman's Second Application to Proceed In District Court Without Prepaying Fees or Costs is DENIED as moot.[3] Sidman is CAUTIONED that if he elects to file an amended complaint, he must pay the statutory filing fee or submit a fully executed application to proceed without prepayment of fees or costs.

## CONCLUSION

For the foregoing reasons, Defendants' Aon Risk Services, Inc. of Hawaii and Aon Risk Services Northeast, Inc.'s Motion to Dismiss Plaintiff's Complaint is hereby GRANTED. Plaintiff's Second Application to Proceed In District Court Without Prepaying Fees or Cost is DENIED as moot, as is Defendant Young Brothers' Motion for Summary Judgment. Sidman is granted to leave to file an

---

[3] Accordingly, the Court does not reach Sidman's objections to the Findings and Recommendation to Deny Plaintiff's Second Application To Proceed Without Prepaying Fees or Costs. Dkt. No. 17.

amended complaint no later than **July 20, 2015**. The Court cautions Sidman that failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **July 20, 2015**, will result in the dismissal of this action.

IT IS SO ORDERED.

DATED: June 29, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Daniel Sidman v. Young Brothers, Limited, et al.*; Civil No. 15-00049 DKW-BMK; **ORDER GRANTING DEFENDANTS AON RISK SERVICES, INC. OF HAWAII'S AND AON RISK SERVICES NORTHEAST, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [DKT. NO. 10]; DENYING AS MOOT PLAINTIFF'S SECOND APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [DKT. NO. 14]; AND DENYING AS MOOT DEFENDANT YOUNG BROTHERS, LTD.'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 21]**