IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DANIEL SIDMAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>YOUNG BROTHERS, LIMITED, a domestic profit corporation; AON RISK SOLUTIONS, a.k.a. AON RISK SERVICES NORTHEAST, INC. a foreign profit corporation, a.k.a. AON RISK SERVICES, INC., a domestic profit corporation,<br><br>　　　　　Defendants. | CIVIL NO. 15-00049 DKW-BMK<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On February 23, 2015, Plaintiff Daniel Sidman, a licensed attorney proceeding *pro se*, filed a complaint against Defendants Aon Risk Services, Inc. of Hawaii, Aon Risk Services Northeast, Inc. ("Aon"), and Young Brothers, Limited for a scratch on his vehicle's windshield that allegedly occurred during transport by Young Brothers, and the denial of his subsequent insurance claim by Aon. On June 29, 2015, the Court granted Aon's Motion to Dismiss, and denied as moot

Sidman's Second Application to Proceed In District Court Without Prepaying Fees or Costs. The Court granted Sidman leave to file an amended complaint by July 20, 2015. As of the date of this order, Sidman has not filed an amended complaint, nor paid the required filing fee or submitted an application to proceed without prepayment of fees, and has not sought an extension of time in which to do so. Nor has he sought reconsideration of the Court's June 29, 2015 Order. Because Sidman has failed to comply with the Court's order, this action is dismissed without prejudice.[1]

## **DISCUSSION**

Federal Rule of Civil Procedure 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period.

---

[1] On July 17, 2015, Sidman filed a Limited Cross-Motion for Summary Judgment (dkt. no. 42), asking the Court to deny Young Brothers' Motion for Summary Judgment (dkt. no. 21). Because the Court has already denied Young Brothers' Motion for Summary Judgment as moot (dkt. no. 40), and because there is no pending complaint in this matter, Sidman's Limited Cross-Motion for Summary Judgment against Young Brothers is DENIED as moot.

*Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.

The Court's June 29, 2015 Order was clear:

> Sidman is granted to leave to file an amended complaint no later than **July 20, 2015**. The Court cautions Sidman that failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **July 20, 2015**, will result in the dismissal of this action.

June 29, 2015 Order at 13-14. The Court unambiguously advised Sidman that he must file an amended complaint and pay the required filing fee by July 20, 2015, or risk dismissal of the action. Sidman's failure to do so hinders the Court's ability to move this case forward and indicates that Sidman does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Sidman offers no excuse or explanation for his failure to file an amended complaint. When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal. It is the responsibility of the moving party to prosecute the action at a reasonable pace, however, and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Sidman has failed to discharge his responsibility to prosecute this action despite the Court's express warning about the possibility of dismissal in the June 29, 2015 Order. Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Sidman's failure to file an amended complaint, pay the filing fee or submit an application to proceed without prepayment of fees.

The Court attempted to avoid outright dismissal of this action by giving Sidman until July 20, 2015 to file an amended complaint establishing this Court's subject matter jurisdiction. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th

4

Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Alternatives to dismissal are not appropriate given Sidman's failure to meaningfully participate in his own litigation. Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because four factors favor dismissal, this factor is outweighed.

## **CONCLUSION**

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

DATED: July 28, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*Daniel Sidman v. Young Brothers Limited, et al.*; Civil No. 15-00049 DKW-BMK;
**ORDER DISMISSING CASE**